```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

TYRONE ALLEN                                CIVIL ACTION

VERSUS                                      NO: 08-4184

ERGON MARINE & INDUSTRIAL                   SECTION: J(5)
SUPPLY, INC.
```

**ORDER & REASONS**

Before the Court is Defendant Ergon Marine & Industrial Supply, Inc.'s ("EMIS") **Motion to Transfer** (Rec. Doc. 5), seeking transfer of this case under 28 U.S.C. 1404(a) to the Southern District of Mississippi, Western Division, based on the convenience of parties and witnesses and the interests of justice.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

Plaintiff Tyrone Allen ("Allen") was employed as a shore tankerman by a sister company of EMIS at its facility in Vicksburg, Mississippi. An EMIS tankermen's duties mostly consist of loading and unloading of barges at the refinery dock. If there are no scheduled tankerman duties, the tankermen are assigned to land based duties at the main office of the Vicksburg refinery. Allen worked as a tankerman on board vessels for only seven days when he fell overboard while aboard the M/V Maritime on April 15, 2008.

In connection with this accident, Allen filed an EEOC

complaint against EMIS that is presently pending in Jackson, Mississippi. In addition, Allen filed the instant suit in this Court arising from the April 15th accident under the Jones Act (Rec. Doc. 1). The original complaint, which included a jury demand, was amended to designate the action as an admiralty claim under Rule 9(h) and to withdraw the jury demand (Rec. Doc. 3). Subsequently, EMIS filed the instant motion to transfer under §1404(a).

## THE PARTIES ARGUMENTS

EMIS argues that the case should be transferred for the convenience of the parties and witnesses and in the interest of justice under §1404(a). To begin with, EMIS's counsel points out that he and counsel for plaintiff were involved in a similar Jones Act suit which was transferred from this Court to the Souther District of Mississippi based on a §1404(a) motion. See Roulston v. Yazoo River Towing, Inc., 2004 WL 1687232 (E.D. La. 2004) (Vance, J.).

EMIS also argues that its motion should be granted because jurisdiction is proper in the Southern District of Mississippi under the Jones Act since EMIS resides in that district. In addition, EMIS argues that the under the "private and public interest" factors set forth in Gulf Oil v. Gilbert, 330 U.S. 502 (1946), this case should be transferred under §1404(a). Specifically, EMIS argues that Allen's choice of forum should be

given little deference since he is a resident of Mississippi, the accident occurred in Mississippi, his pending EEOC complaint was filed in Mississippi, and he has retained counsel in Mississippi to handle the instant claim.

EMIS alleges that the only relevant contact Allen has with Louisiana is the fact that his Mississippi counsel has associated a Louisiana lawyer to handle this Jones Act case.  Further, EMIS notes that its Vicksburg office is only two miles from the United States District Courthouse in the Southern District of Mississippi, Western Division, and only thirty miles from Allen's residence in Yazoo City, Mississippi, whereas both are over 230 miles from the courthouse for the Eastern District of Louisiana. As such, EMIS argues that potential witnesses on the issue of damages, such as Allen's friends, relatives, initial treating physician, and others, are amenable to process and subpoena power of the Southern District of Mississippi.  Additionally, EMIS's potential witnesses are all residents of Vicksburg.  Further, Allen's pending EEOC claim will also involve many of the same witnesses, all residents of Mississippi, that will testify in the present matter.  EMIS asserts that none of these witnesses are within the subpoena power of the Eastern District of Louisiana.

Further, EMIS asserts that the interest of justice will be served by the proposed transfer by reducing unnecessary costs of discovery and investigation.  Also, EMIS suggests that no

prejudice will result to Allen because the median disposition time is roughly the same in the Eastern District of Louisiana as it is in the Southern District of Mississippi and because Allen's complaint has only been pending since August 13, 2008.  Finally, EMIS asserts that Mississippi has the superior interest in adjudicating this dispute, which involves residents of Mississippi involved in an accident that took place in Mississippi

In opposition, Allen argues that his choice of forum as a ward of the court is entitled to great deference.  Further, Allen asserts that because this case was only recently filed, it is unclear whether the discovery process and witness procuration will be hampered by the choice of the Eastern District of Louisiana as the forum.  Additionally, Allen notes that this Court has personal jurisdiction over EMIS because EMIS has a registered principal place of business in Louisiana.  In addition, Allen asserts that he does not have a crew list and cannot know the current locations of crew members, and that it may very well happen that the Louisiana forum is the most convenient for these potential witnesses.  In this same vein, Allen argues that for any crew members or employees still employed by EMIS, the issue of compulsory process is irrelevant and thus does not favor transfer.

Allen further urges that, if this Court should grant EMIS's motion to transfer, he be allowed to dismiss his case without prejudice to be re-filed in Mississippi state court, or alternatively that this Court transfer the case to the Jackson Division of the Southern District of Mississippi as opposed to the Western Division.

In response, EMIS submits that it does not have any office anywhere in the state of Louisiana, and that Allen does in fact have a list of the crew members and employees who are potential witnesses to the accident.  Further, EMIS notes that all these potential witnesses live and work in Vicksburg, except one who lives in Louisiana, but only ten miles from Vicksburg and not in the Eastern District of Louisiana.  Finally, EMIS suggests that the Fifth Circuit's recent en banc decision in In Re Volkswagen of America, Inc., --- F.3d — , 2008 WL 4531718 (5th Cir. Oct. 10, 2008) provides that the plaintiff's choice of forum is not subject to a high level of deference in the face of a §1404(a) motion to transfer.

## DISCUSSION

**A.  §1404(a) Transfer**

Change of venue in admiralty cases, like ordinary civil cases, is governed by §1404(a).  See Continental Grain Co. v. The FBL-585, 364 U.S. 19, 26-27, 80 S. Ct. 1470, 1475 (1960).  Under 1404(a), "[f]or the convenience of parties, witnesses and in the

5

interest of justice," courts may transfer an action "to any other district or division where it might have been brought."[1]  First, "while neither conclusive nor determinative," in this circuit "the plaintiff's choice of forum is clearly a factor to be considered" in a §1404(a) motion to transfer.  In re Horseshoe Entertainment, 337 F.3d 429, 434-35 (5th Cir. 2003).  In addition, most courts determining whether the transfer is proper under 28 U.S.C. § 1404(a) have used the factors set forth in Gulf Oil Corp. v. Gilbert, 330 U.S. 505, 508, 67 S. Ct. 839, 843 (1947).  These include both "private interest" and "public interest" factors.  Id.  The private interest factors are: (1) "the relative ease of access to sources of proof;" (2) availability and convenience of witnesses; (3) "possibility of view of premises, if view would be appropriate to the action;" and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive."  Id.  This last catch-all private interest factor has been distilled to include the cost of obtaining witnesses and other trial expenses, the possibility of delay and prejudice if transfer is granted, and the situs of material events and place of the alleged wrong.  See Roulston v. Yazoo River Towing, Inc., 2004 WL 1687232 (E.D. La. 2004).  The

---

[1]  A district where a lawsuit "might have been brought" is one in which the court would have had subject matter jurisdiction, the defendants would have been subject to personal jurisdiction, and venue would have been proper.  Hoffman v. Blaski, 363 U.S. 335, 80 S. Ct. 1084, 1089-190 (1960).

public interest factors to be considered are: (1) the administrative difficulties created by court congestion; (2) the "local interest in having localized controversies decided at home;" (3) the interest in "having the trial of a diversity case in a forum that is at home with the state law that must govern the case;" (4) the unfairness of burdening citizens in an unrelated forum with jury duty; and (5) the interest in avoiding unnecessary problems in conflict of laws, or in the application of foreign law.  Id. at 509, 67 S. Ct. at 843.  As an additional public interest factor, courts consider judicial economy – that is, whether a transfer would avoid duplicative litigation and prevent waste of time and money.  Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S. Ct. 805, 809 (1964).

When ruling on a section 1404(a) motion to transfer, the Court is not limited to the above factors but must instead engage in a case-by-case consideration of convenience and fairness.  See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).  At the very least, the plaintiff's privilege of choosing venue places the burden of proof on the defendant, as moving party, to demonstrate why the forum should be changed.  See Karim v. Finch Shopping Co., Ltd., 94 F. Supp. 2d 727 (E.D. La. 2000)(citing In re Air Crash Disaster Near New Orleans, 821 F.2d 1147 (5th Cir. 1987)(vacated and remanded on other grounds)).

However, the Fifth Circuit  in In Re Volskwagen recently

noted that the §1404(a) standard for transfer of *venue* was intended to be less exacting than the common law *forum non conveniens* doctrine adopted by the Supreme Court in Gilbert, which resulted in *dismissal* as opposed to a mere transfer of venue.  In Re Volkswagen, 2008 WL 4531718 at *6.  As such, although the Gilbert factors for transfer based on *forum non conveniens* dismissal have not changed, and although the plaintiff's choice of venue is still a consideration, "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal." Id. at *7.  As a result a movant is no longer required to show that the §1404(a) factors "substantially outweigh the plaintiff's choice of venue." Id. Rather, "[w]hen the movant demonstrates that the transferee venue is clearly more convenient . . . it has shown good cause and the district court should therefore grant the transfer," even though the plaintiff has chosen the present venue.  Id.

**B.   The Instant Case**

Based on the above, this Court must analyze the private and public factors in light of the facts of this case and the Fifth Circuit's recent ruling in In Re Volkswagen to determine whether EMIS has demonstrated "that the [Southern District of Mississippi, Western Division] is clearly more convenient" than the Eastern District of Louisiana.  This Court finds that EMIS

8

has made the appropriate showing under the Gilbert factors to support transfer under §1404(a), despite Allen's choice of the Eastern District of Louisiana as his preferred venue.

**1) Jurisdiction**

First, it should be noted that the Southern District of Mississippi, Western Division has personal jurisdiction over EMIS because EMIS has an office and principal place of business in Vicksburg, Mississippi in that district. (Def.'s Mem. Supp. Mot. Transfer, 4-5.). Further, the Jones Act provides for venue in the district where the defendant resides or where its principal office is located.  46 App. U.S.C. §688.  Also, EMIS "resides" in the Southern District of Mississippi, Western Division, because that district had personal jurisdiction over EMIS at the time of the commencement of Allen's action.  See 28 U.S.C. §1391(c) and Pure Oil Co. v. Suarez, 384 U.S. 202, 204 (1966).  As such, Allen could have sued EMIS in the Southern District of Mississippi and thus jurisdiction in the proposed transferee venue is proper.

**2) Private Interest Factors under Gilbert**

**a) Allen's Choice of Forum**

As noted above, while Allen's choice of forum is a consideration in the §1404(a) analysis, that choice is irrelevant in the fact of a clear showing by EMIS that the Southern District of Mississippi is a more convenient forum.  Further, courts often "accord less than the customary degree of deference to the

9

plaintiff's forum selection when the operative facts of the dispute occur outside the plaintiff's chosen forum."  Roulston v. Yazoo River Towing, Inc., 2004 WL 1687232, *2 (E.D. La. 2004) (quotation and citations omitted).  As a result, and based on the Court's analysis of the other relevant factors, Allen's choice of forum is not a significant factor in the §1404(a) analysis.

>    **b) Ease of Access to Sources of Proof and Availability and Convenience of Witnesses**

The Court will consider these two factors together as they are closely related in this case.  EMIS has met its burden of showing that the Southern District of Mississippi is the more convenient forum with regard to ease of access to sources of proof and availability and convenience of witnesses.

First and foremost, the accident took place at EMIS's facility in Vicksburg while Allen was aboard a vessel in the Southern District of Mississippi.  Thus the vessel and its equipment can be accessed with less cost and interruption of business if this case proceeds in the Southern District of Mississippi.  Additionally, EMIS has shown that except for the one Louisiana witness, all the relevant potential witnesses, including Allen's initial treating physician, reside and work in Mississippi, many in Vicksburg, and that none would be within the subpoena power of this Court.  Further, the Louisiana witness resides only eight miles from the courthouse for the Southern

10

District of Mississippi in Vicksburg.  Therefore, the cost of obtaining witnesses and other trial expenses will be reduced by a transfer to the Southern District of Mississippi.

Furthermore, Allen's hypothetical proposition that potential witnesses may no longer live in Mississippi or may no longer work for EMIS is undermined by EMIS's affidavit through its Vice President, which attests that the crew of the M/V Maritime lives and works in Vicksburg.  Further, Allen's mistaken conclusion that EMIS has a Louisiana office at which potential witnesses in Louisiana could be produced is moot based on EMIS's affidavit stating that it has no Louisiana office at all.

Finally, there will be no possibility of delay or prejudice to Allen as a result of the proposed transfer to the Southern District of Mississippi.  As noted by EMIS, the average time between filing and disposition of cases in both the Eastern District of Louisiana and the Southern District of Mississippi is essentially the same, and thus Allen does not risk an unexpectedly lengthy period of litigation based on the proposed transfer.  Further, this case is only in the preliminary stages of litigation, and no trial date or scheduling order has been issued at this point.  Therefore, Allen will not risk delay or prejudice based on the proposed transfer.

**c) Situs of Material Events and Place of Alleged Wrong**

Again, these factors will be considered together, and both

11

clearly weigh in favor of transfer to the Southern District of Mississippi based on the fact that the relevant events to Allen's claim took place in the Southern District of Mississippi.

### 3) Public Interest Factors

The public interest factors concerning issues of choice of law in a diversity case and the burdening of non-local jurors are not at issue in this non-jury Jones Act case.  However, the other public interest factors all weigh in favor of transfer to the Southern District of Mississippi.

#### a) Administrative Concerns of Court Congestion

Again, as noted above, the average time to disposition in both this Court and the proposed transferee court are essentially the same, and thus the administrative concerns with a transfer in this case are minimal if not irrelevant.

#### b) Local Interest in a Localized Controversy

Also, as previously mentioned, all relevant events to this suit occurred in the Southern District of Mississippi.  Therefore the local interests of that district outweigh the interests of the Eastern District of Louisiana in the substance of Allen's claims.  As such, the "local interest" factor favors transfer to the Southern District of Mississippi.

### 4) Conclusion

In sum, this Court finds that based on all the Gilbert private and public interest factors, EMIS has shown that the

"transferee venue is clearly more convenient" than a venue in this Court.  In Re Volkswagen, 2008 WL 4531718 at *7.  Furthermore, the convenience and benefits of transfer outweigh any deference that should be given to Allen's choice of venue in this Court, especially when the events of his claim did not occur within this Court's jurisdiction and the fact that he is not a resident of this jurisdiction.

In addition, the Court should reject Allen's request for transfer to the Jackson Division of the Southern District of Mississippi for all the reasons enumerated above.

However, Allen has also requested that, if this Court should decide to grant EMIS's motion to transfer, the Court should give him ten days to file a voluntary dismissal of this case so that he can re-file in Mississippi state court.  Rule 41 of the Federal Rules of Civil Procedure provides that "the plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Fed. R. Civ. P. 41(a).  In this case, EMIS has not served either an answer or motion for summary judgment, and thus Allen is still entitled to seek a voluntary dismissal.  Accordingly,

**IT IS ORDERED** that Allen may file a motion to voluntarily dismiss the present action under Rule 41(a) of the Federal Rules of Civil Procedure within ten days of the issuance of this Order.

**IT IS FURTHER ORDERED** that if Allen does not file a motion in compliance with the foregoing Order of the Court, EMIS's motion to transfer to the Southern District of Mississippi, Western Division will be granted after accrual of the ten day period within which Allen may file his motion for voluntary dismissal.

New Orleans, Louisiana this 31st day of October, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE